# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-00-00579-CR

**Saul Isaac Flores, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT
## NO. 0975372, HONORABLE ROBERT PERKINS, JUDGE PRESIDING

Saul Isaac Flores was convicted of capital murder. *See* Tex. Pen. Code Ann. § 19.03(a)(7)(A) (West 1994). Because the State did not seek the death penalty, appellant's punishment is life imprisonment. *See* Tex. Code Crim. Proc. Ann. art. 37.071, § 1 (West Supp. 2001). Appellant asserts that the evidence is legally and factually insufficient to support his conviction. We will affirm the judgment.

On the morning of October 1, 1997, Franciso Vasquez and George Rodriguez were shot and killed in the Vasquez family home's garage which had been converted into a bedroom. The next-door neighbor heard several shots and then saw two men run from the house and escape in a gray Blazer-type vehicle. Another neighbor heard gunshots and looked toward the house; she heard a car start and saw a light-colored, sport-utility vehicle drive past her at a rapid speed. She later identified the driver of the vehicle as David Mendez. Based on this and other information, the police went to Mendez's apartment and asked Mendez and three of his friends to come to the station for

questioning. Mendez, John Frizzell and Joel Gonzales were questioned and released. While appellant was being questioned, he gave the police a statement that was reduced to writing confessing to participation in the murders. Appellant implicated Mendez; both men were arrested and charged with capital murder. Appellant's written statement was admitted in evidence. In relevant part it states:

I have been in Austin for the last week or so. I have been staying with David Mendez. I know David through a friend Steve Sanchez. David sells cocaine for a living. I don't sell for David but I go and party with him. I do cocaine and smoke weed. On October 1st I spent the night at David's. I went to bed about 4:00 or 5:00 a.m. I got up when David woke me up. And I don't know what time it was. The sun was coming up. It was morning time. David asked me if I would give him a ride somewhere. David had two boxes. Cardboard with the styrofoam cut out. Gun boxes. The guns were still in the boxes. When you open the box there was a clip in the gun and a loaded clip. We went in his Blazer, a grey primer Blazer. I think it's a GMC. I drove David. [He] said let's go to Frank's. When we got to Frank's there was a brown truck. He told me to make the block. When we came back the truck was there but we stopped anyway. When we got to Frank's house he gave me a box and told me to hold this. I knew it was a gun. I knew the gun was an automatic, not a revolver. He said come on. Come on. Stand by the door. Come on. We walked to the front door. Up to the front door. I walked in the house in the front room. David peeped the house, checked it out. We walked to the garage door and I heard what the fuck. I then heard shooting tat-tat and I ran in the garage and pointed my weapon. Frank was on the bed but rolling off on to the floor. He was turning away from us. Frank was the first one that sat up and he had been asleep and he sat up and then started to turn. When I ran in I fired my gun about three times. I am righthanded but I was shooting with my left hand. When I went in I was holding the gun with both hands and I covered the room. I fired possibly three times. George was laying on the floor. He was like at an angle sleeping on the floor. As I ran out the side door of the garage I heard the neighbor say did you hear gunshots? I ran to the Blazer and jumped in the passenger side. I was in front of David. He ran to the driver's seat and drove off. David said what do we do, where do we go? I said go home. I left my gun in the box in the backseat. As we were driving back to the apartment I was like in a daze. I was stoned when I went but that sobered me up. David told me that he was going to get the truck painted blue. I don't know where the truck is. I don't know where the guns are. The last place I saw the guns was in the Blazer. When we go home I walked in the house and went to sleep. . . . I have been to Frank's house before. I was there to buy a sack of weed. . . . David want to kill Frank and George because they jacked him. I think he want Frank more. They

2

went up to his house and took his shit. It was estimated they took about 3, 000 in cash and dope. . . . I have seen the guns before. The guns are little and are 9mm's.

The murder weapons were never found, but nineteen spent cartridge cases and six fired projectiles were found at the murder scene. An expert witness testified that the markings on the spent cartridge cases showed that eleven shots had been fired from one weapon and eight shots had been fired from another weapon.

During her autopsies, the medical examiner, Dr. Elizabeth Peacock, found four fired projectiles. Dr. Peacock also found that several of the shots striking both Vasquez and Rodriguez were fired at very close range leaving "soot" marks on the entry wounds. Dr. Peacock testified that the death of each victim resulted from multiple gunshot wounds.

On appeal, appellant contends that the evidence is legally insufficient to show that appellant was guilty either as a principal or as a party.[1] A person is criminally responsible as a party to an offense if the offense is committed by his own conduct, by the conduct of another for which he is criminally responsible, or by both. Tex. Pen. Code Ann. § 7.01(a) (West 1994). A person is criminally responsible for an offense committed by the conduct of another if acting with the intent to promote or assist the commission of the offense, he aids or attempts to aid the other person to commit the offense. *Id.* § 7.02(a)(2). The trial court's jury charge only allowed the jury to convict appellant if he was "acting with another as a party to the offense." Therefore, appellant's argument

---

[1] All traditional distinctions between accomplices and principals have been abolished. Tex. Pen. Code Ann. § 7.01(c) (West 1994).

3

that the evidence is legally insufficient to prove appellant's guilt as a principal is irrelevant and without merit.

Appellant argues that the evidence is legally insufficient to support his conviction as a party because "there is absolutely no evidence that appellant solicited, encouraged, aided, or attempted to aid David Mendez in the murders of Vasquez and Rodriguez. . . . There was no testimony about appellant doing anything that enabled Mendez's plan."

In reviewing the legal sufficiency of the evidence, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Patrick v. State*, 906 S.W.2d 481, 486 (Tex. Crim. App. 1995); *Aiken v. State*, 36 S.W.2d 131, 132 (Tex. App.—Austin 2000, no pet.). The standard of review is the same whether the evidence is direct, circumstantial, or both. *See Kutzner v. State*, 994 S.W.2d 180, 184 (Tex. Crim. App. 1999); *Banda v. State*, 890 S.W.2d 42, 50 (Tex. Crim. App. 1994).

Appellant had knowledge that Vasquez and Rodriguez stole Mendez's drugs and money and that Mendez intended to retaliate. Appellant assisted and aided Mendez by driving him to the scene of the murders. Appellant further assisted and aided Mendez by firing at least eight of the nineteen shots that resulted in the death of Vasquez and Rodriguez. The direct and circumstantial evidence, when viewed in the light most favorable to the prosecution, supports a rational finding, as made by the jury, that all of the essential elements of capital murder were proved beyond a reasonable doubt. The evidence is legally sufficient to support appellant's conviction as a party to the offense of capital murder. Appellant's first and second points of error are overruled.

4

Appellant also complains that the evidence is factually insufficient to support the jury's verdict. In a factual sufficiency review, we are required to give deference to the jury's verdict and examine all of the evidence impartially, setting aside the jury verdict "only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust." *Cain v. State*, 958 S.W.2d 404, 410 (Tex. Crim. App. 1997); *Clewis v. State*, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996). The complete and correct standard a reviewing court must follow to conduct a *Clewis* factual sufficiency review is to determine whether a neutral review of all of the evidence, both for and against the finding, demonstrates that the proof of guilt is so obviously weak as to undermine confidence in the jury's determination, or the proof of guilt, although adequate if taken alone, is greatly outweighed by contrary proof. *Johnson v. State*, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000).

Appellant argues that the evidence is wholly insufficient for the jury to find that he intended to cause the deaths of Vasquez and Rodriguez or that he intended to encourage or aid Mendez. Further, appellant argues that there is no evidence that he fired the gun with intent to hit anyone or that he did hit anyone. Contrary to appellant's argument, the evidence direct and circumstantial is amply sufficient to support the jury's verdict.

After examining all of the evidence impartially and giving deference to the jury's verdict, we conclude that the jury's verdict is not so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. Moreover, our neutral review of all of the evidence both for and against the jury's verdict fails to demonstrate that the proof of appellant's guilt is so obviously weak as to undermine confidence in the jury's determination, or that the proof of guilt, although

5

adequate if taken alone, is greatly outweighed by the contrary proof. The evidence is factually sufficient to support the jury's verdict. Appellant's third point of error is overruled.

The judgment is affirmed.

_____

Carl E. F. Dally, Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Dally[*]

Affirmed

Filed: October 18, 2001

Do Not Publish

---

[*] Before Carl E. F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. *See* Tex. Gov't Code Ann. § 74.003(b) (West 1998).